UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ROBBINS,<br><br>  Petitioner,<br><br>  v.<br><br>CHRISTIAN PFEIFFER,<br><br>  Respondent. | Case No. 5:22-cv-00581-JCB-PD<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION** |

On March 29, 2022, Petitioner Michael Robbins, a state prisoner in the custody of the California Department of Corrections, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.[1]

---

[1] The Petition was actually filed on April 1, 2022. Under the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 275-76 (1988), a prisoner constructively files something on the day he gives it to prison authorities for forwarding to the relevant court. *See Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Courts presume that is the day the prisoner signs the document unless there is evidence to the contrary. *See Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam) (as amended). Here, Petitioner dated his Petition December 22, 2021. [Dkt. 1 at 10 (The Court uses the page numbers inserted on the pleadings by the electronic docketing system.).] The Court does not, however, use that date as the Petition's

The Court issues this Order to Show Cause directed to Petitioner because the face of the Petition suggests that it untimely, partially unexhausted, and includes allegations that do not state a claim for federal habeas relief.

## I. Procedural History and Petitioner's Contentions

A Riverside County Superior Court jury convicted Petitioner of murder, unlawful possession of a firearm by a felon, and possession for sale of a controlled substance and found that he personally and intentionally discharged a firearm in committing the murder. The trial court subsequently found that he had suffered two prior prison convictions, one prior serious-felony conviction, and one prior strike conviction. He was sentenced to state prison for an indeterminate term of 75 years to life and a determinate term of 12 years and four months, which included a mandatory five-year enhancement for his prior serious-felony conviction. [*See* Dkt. No. 1 at 2]; *People v. Robbins*, No. D075544, 2020 WL 372776, at *5 (Cal. Ct. App. Jan. 23. 2020).

After Petitioner was sentenced, but before he appealed his conviction, amendments to the California Penal Code took effect that allowed courts to exercise discretion to strike or dismiss prior serious felony convictions for sentencing purposes. *See People v. Garcia*, 28 Cal. App. 5th 961, 971 (2018) (explaining Senate Bill 1393 amended Penal Code Sections 667(a) and 1385(b) to allow court to exercise its discretion to strike or dismiss prior serious felony conviction for sentencing purposes). The amendments took effect on January 1, 2019 and applied retroactively to all judgments of conviction – like

---

constructive filing date for two reasons. First, there is no reason to believe, and Petitioner offers none, that prison authorities waited over three months to mail the Petition. Second, Petitioner dated the envelope in which he mailed the Petition March 29. [Dkt. 1 at 115.] The Court therefore uses March 29, 2022, as the Petition's constructive filing date. *See Butler*, 752 F.3d at 1178 n.1.

Petitioner's – that were not final as of that date. *See id.*

On January 23, 2020, the California Court of Appeal affirmed Petitioner's conviction, vacated the original sentence, and remanded to the sentencing court to exercise its newly-acquired discretion whether to strike the serious felony enhancement. *See Robbins*, 2020 372776 at *22. Petitioner then filed a petition for review in the California Supreme Court [*see* Dkt. No. 1 at 12], which denied the petition on June 17, 2020. *See* Cal. App. Cts. Case Info. http:// appellatecases.courtinfo.ca.gov/ (search for "Robbins" and "Michael" in supreme court) (last visited Apr. 13, 2022). He does not indicate in his Petition what the sentencing court did on remand.

In the instant Petition, Petitioner assets the following six claims:

(1) the trial court violated his Sixth Amendment rights and state law by removing an African American juror from the jury during deliberations;

(2) the trial court violated due process and deprived him of his right to present a defense by excluding third-party culpability evidence at trial;

(3) the trial court violated due process by denying his motion for a mistrial;

(4) the trial court violated due process by refusing to instruct the jury on third-party culpability evidence;

(5) "ineffective assistance of counsel"; and

(6) "newly discovered evidence."[2]

[Dkt. No. 1 at 5-6, 12-53.]

---

[2] In the section of the Petition identifying his first ground for relief, Petitioner states: "Please see attached Exhibit A pg. 1 through 97." [Dkt. No. 1 at 5.] The attachment to which he refers includes the petition for review that he filed in the California Supreme Court, along with the California Court of Appeal's reasoned decision rejecting his direct appeal. [*See id.* at 12-108.] Accordingly, the Court concludes that in this action, Petitioner intends to assert the four claims that he raised in his petition for review, and lists those as claims one through four. The claims designated as two and three in the Petition are renumbered as claims five and six.

## II. Discussion

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of the Petition. Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). As explained below, a review of the Petition shows that it is subject to dismissal for multiple reasons, and Petitioner therefore must show cause as to why the Petition should not be dismissed.

### A. The Petition is Untimely on Its Face

#### 1. The Limitations Period

The AEDPA imposes a one-year period of limitation for state prisoners to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year limitations period runs from the latest of the four following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)-(D). The Ninth Circuit has held that "the judgment from which the AEDPA statute of limitations runs is the one pursuant to which the petitioner is incarcerated." *Smith v. Williams*, 871 F.3d 684, 687

(9th Cir. 2017).

On June 17, 2020, the California Supreme Court denied the petition for review of the affirmance of Petitioner's conviction. Petitioner did not file a petition for writ of certiorari in the Supreme Court from that denial. *See* U.S. Sup. Ct. Docket Search, https://www.supremecourt.gov/docket/docket.aspx (search for "Robbins" with "Michael" yielding no relevant results) (last visited Apr. 13, 2022). Accordingly, for purposes of calculating the limitations period under the AEDPA, the judgment against Petitioner became final on September 15, 2020, the date when the ninety-day period for filing a petition for a writ of certiorari in the Supreme Court expired. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (when a petitioner does not seek a writ of certiorari, the one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires). The limitations period for seeking federal habeas relief expired one year later, on September 15, 2021.

Petitioner constructively filed the instant Petition over six months later, on March 29, 2022. Consequently, the present action is untimely unless he is entitled to equitable or statutory tolling or a later start date of the limitations period.

### 2.     **Statutory Tolling**

The one-year limitations period is "statutorily tolled" while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute is not tolled between the time a final decision is issued on direct review and the time the first state collateral challenge is filed, because there is no case "pending" during that time. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, the statute is tolled for the time during which a state prisoner is attempting, through proper use of state court procedures,

to exhaust state court remedies regarding a particular post-conviction application. Once an application for post-conviction review commences, it is "pending" until a petitioner "complete[s] a full round of [state] collateral review." *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003) (citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)).

Here, Petitioner is not entitled to statutory tolling because he has not filed any state habeas petitions. [*See* Dkt. No. 1 at 3]; Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for "Robbins" and "Michael" in supreme court) (last visited Apr. 13, 2022). And even if he were to file one now, it would not toll the limitations period because that period already has expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of a limitations period that has ended before the state petition was filed."); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (state habeas petition filed after expiration of AEDPA limitation period could not toll limitation period "because the limitations period had already run").

### 3. **Equitable Tolling**

The one-year limitations period is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To qualify, a petitioner has the burden to demonstrate (1) that he has been pursuing his rights diligently, and (2) that an "extraordinary circumstance" stood in his way that prevented him from timely filing. *Id.* at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Here, Petitioner has alleged no facts that warrant equitable tolling of the limitations period.

### 4.     Alternative Start Date of Limitations Period

Presumably relying on 28 U.S.C. § 2244(d)(1)(D), Petitioner asserts one claim concerning "newly discovered evidence." [Dkt. No. 1 at 6.]  For purposes of § 2244(d)(1)(D), the statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).  Here, Petitioner alleges no facts in support of his "newly discovered evidence" claim. [*See* Dkt. No. 1 at 6.] Indeed, he does not even identify the nature of the purported "newly discovered evidence" or when he supposedly discovered it – let alone how its alleged discovery entitles him to habeas relief.  As such, he has not alleged sufficient facts to show that he is entitled to an alternative start date to the limitation period.

In sum, it appears that the Petition was not filed within one year of the date on which the AEDPA's one-year limitations period began to run.  There also appears to be no basis for statutory tolling, and Petitioner has alleged no facts to warrant equitable tolling or a later start date of the limitation period. Thus, the Petition appears to be untimely and subject to dismissal on that basis.

### B.     The Petition Is Partially Unexhausted

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.  Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002).  As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it.  *See Rose v. Lundy*,

455 U.S. 509, 518-19 (1982).

Here, Petitioner's fifth and sixth claims concerning "ineffective assistance of counsel" and "newly discovered evidence" appear to be unexhausted. He did not raise either claim in the petition for review that he filed in the state supreme court. What is more, he alleges that he has not filed any habeas petitions in state court. *See Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008) (petitioner challenging California conviction has not exhausted claim unless he or she fairly presented it to California Supreme Court). The California Appellate Courts Case Information website moreover reflects no such petitions. *See* Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for "Robbins" and "Michael" in supreme court) (last visited Apr. 13, 2022). Rather, it shows that Petitioner has filed only one petition in the California Supreme Court – specifically, the petition for review concerning his direct appeal. [*See id.*]

In short, the Petition appears to be partially unexhausted and subject to dismissal on that basis. *See Rose*, 455 U.S. at 522 (holding that "mixed" habeas petitions, containing both exhausted and unexhausted claims, must generally be dismissed).

### C.     Grounds Five and Six Do Not State Claims for Relief

"Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir.1994); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995) (habeas relief not warranted when claims for relief are unsupported by facts). Rule 4 of the Rules Governing section 2254 Cases explicitly allows district courts summarily to dismiss habeas petitions when no claim for relief is stated. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir.1990). Notice pleading is insufficient; the petitioner must state sufficient facts "that point to a 'real possibility of constitutional error.'" *See id.* (quoting *Blackledge v. Allison*, 431

U.S. 63, 75 n.7 (1977)); *see also* Rule 2, Rules Governing § 2254 Cases (stating that application for federal habeas relief must specify all grounds for relief and state facts supporting each ground).

    Here, neither claim five nor claim six states a claim for relief. In claim five, for example, Petitioner asserts only "[i]neffective assistance of counsel." [Dkt. No. 1 at 5.] He does not identify how counsel's performance was deficient in any way or how any such deficiency resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (habeas petitioner cannot succeed on claim of ineffective assistance of counsel unless he can show counsel's performance was unreasonable and reasonable likelihood exists that, but for his counsel's errors, result would have been different). Such a bare-bones allegation of attorney error does not state a viable ineffective-assistance claim. *See Brown v. Santoro*, No. 5:21-cv-00819-RGK-JDE, 2021 WL 6495007, at *9-10 (C.D. Cal. Dec. 14, 2021) (dismissing ineffective-assistance claim when petitioner provided no facts or citation to record but instead merely asserted that counsel's performance was deficient), *accepted by* 2022 WL 125883 (C.D. Cal. Jan. 12, 2022). The same is true with respect to Petitioner's "newly discovered evidence" claim. As related earlier, Petitioner does not identify the nature of the newly-discovered evidence or when it was allegedly discovered, nor does he explain how it establishes a constitutional violation that resulted in prejudice.

    For the foregoing reasons, claims five and six do not state claims for federal habeas relief and appear to be subject to dismissal on that basis.

**III. Conclusion and Order**

For the foregoing reasons, the Court **ORDERS** Petitioner to do the following **by no later than by May 31, 2022**:

(1) He must show cause as to why the Petition should not be dismissed as untimely. If he contends that he is entitled to equitable tolling or a later start date of the limitation period, he must allege specific facts to support that contention and provide any reasonably available supporting documentation.

and

(2) If Petitioner maintains that the Petition is timely, he must also show cause as to why the Petition should not be dismissed as partially unexhausted because claims five and six appear to be unexhausted. If in fact the Petition is unexhausted, Petitioner may, among other options, file a motion asking the Court to stay the Petition under *Rhines v. Weber*, 544 U.S. 269 (2005), if he believes he can make the required showings. *See* 544 U.S. at 277-78 (stay under *Rhines* is appropriate only if petitioner shows good cause for his failure to earlier exhaust claim in state court, unexhausted claim is not "plainly meritless," and petitioner has not engaged in "abusive litigation tactics or intentional delay"). The Court will advise Petitioner of all of his options concerning the unexhausted claims if necessary. He is advised now, however, that he is not required to obtain a stay before he starts the process of exhausting any unexhausted claim. Nothing prevents him from immediately returning to state court to attempt to exhaust his unexhausted claims.

Alternatively, Plaintiff may concede that claims five and six are exhausted. If he chooses that option, the Court will advise him of his options, provided that he has shown cause as to why the Petition should not be dismissed as untimely.

10

and

(3) If Petitioner maintains that the Petition is timely and that claims five and six are exhausted, he must show cause as to why claims five and six should not be dismissed for failure to state a claim for relief. Alternatively, if Petitioner concedes that claims five and six do not allege sufficient facts to state a claim, he may either voluntarily dismiss those claims or file a first amended petition that cures the deficiencies identified in Section II.C of this Order.

**Petitioner is admonished that the Court will construe his failure to file a response to this Order by May 31, 2022, as a concession on his part that the Petition is in fact untimely. In that event, the Court will recommend that the Petition be dismissed with prejudice as untimely**.

**IT IS SO ORDERED**.

DATED: April 13, 2022

*Patricia Donahue*
───────────────────────
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

11